UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REVA E. LENTOLA,

            Plaintiff,

    -vs-                     07-CV-48-JTC

MICHAEL J. ASTRUE,[1] Commissioner of
Social Security,

            Defendant.

---

  Plaintiff Reva E. Lentola initiated this action pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final determination of the Commissioner of Social Security (the "Commissioner") denying plaintiff's application for Social Security disability insurance ("SSDI") benefits. The Commissioner has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Item 7), and plaintiff has moved for a remand to the Commissioner for consideration of new evidence (*see* Items 9, 12).

  For the reasons that follow, the Commissioner's motion is granted, and plaintiff's motion is denied.

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is therefore substituted for former Commissioner Jo Anne B. Barnhart as the named defendant in this suit.

**BACKGROUND**

Plaintiff was born on August 29, 1953 (Tr. 362, 613).[2] She applied for SSDI benefits on October 15, 2001, alleging disability as of August 1998[3] due to problems with her back, neck, shoulder, and arm (Tr. 16-17; 362-65; 387). The application was denied administratively (Tr. 295-98). Plaintiff then requested a hearing, which took place on April 21, 2004 before Administrative Law Judge ("ALJ") Robert Harvey (Tr. 584-607). Plaintiff testified at the hearing and was represented by counsel.

In a decision dated June 21, 2004, ALJ Harvey found that plaintiff was not disabled (Tr. 26-37). Plaintiff appealed this determination; and on June 10, 2005, the Appeals Council remanded the case to the ALJ for further administrative proceedings, with specific instructions to consider vocational evidence and to evaluate the claimant's subjective complaints in accordance with the Social Security Administration's rulings and regulations (Tr. 345-46).

Pursuant to the remand order, a new hearing was held before ALJ Harvey on April 19, 2006 (Tr. 608-36). Plaintiff appeared and testified, and was once again represented by counsel. Julie Andrews, a vocational expert, also testified. On June 15, 2006, ALJ Harvey issued a decision, finding once again that plaintiff was not disabled within the meaning of the Social Security Act (Tr. 13-23). Following the sequential

---

[2]References preceded by "Tr." are to page numbers of the transcript of the administrative record, filed by defendant as part of the answer (Item 5) to the amended complaint (Item 2).

[3]Plaintiff filed a prior application for SSDI benefits on June 24, 1997, alleging a disability onset date of January 1995. This application was denied after hearing and appeal, with an "administratively final" date of August 10, 1998 (*see* Tr. 16). Accordingly, the issue presented for the Commissioner's determination was "whether the claimant was disabled at anytime from August 11, 1998 through December 31, 2001, the date the claimant was last insured for disability insurance benefits." (Tr. 17).

evaluation process outlined in the Social Security Administration Regulations (*see* 20 C.F.R. § 404.1520), the ALJ reviewed the medical evidence and determined that plaintiff's impairments (including discogenic cervical spine, cervical radiculopathy, and low back pain), while severe, did not meet or equal the criteria of an impairment listed in the Regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ considered plaintiff's allegations and testimony regarding her functional limitations, but found plaintiff to be "not totally credible" in this regard (Tr. 23). The ALJ then found that while plaintiff was unable to perform her past work as a commercial cleaner, plaintiff had the residual functional capacity for a range of light work[4] with several additional limitations which, when considered along with plaintiff's age (52 at the time of the decision), educational background (high school education), lack of transferable skills, and the testimony of the vocational expert, led to the conclusion that there are a significant number of unskilled jobs in the national economy that plaintiff could perform (Tr. 21-23). The ALJ's decision became the Commissioner's final determination on November 28, 2006, when the Appeals Council denied plaintiff's request for review (Tr. 8-10).

On January 26, 2007, plaintiff filed this action seeking judicial review of the Commissioner's final determination. On January 31, 2007, plaintiff submitted an amended complaint, attaching a letter from her treating orthopedist, Dr. John S. Halpenny, dated

---

[4]As defined in the Social Security Regulations:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full range or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567 (b); Social Security Ruling ("SSR") 83-10.

January 22, 2007, which plaintiff claims constitutes new evidence of her disabling condition that was unavailable at the time of the hearing in April 2006 (*see* Item 2).

After answering the amended complaint, the Commissioner moved for judgment on the pleadings on the ground that the ALJ's determination must be upheld because it is supported by substantial evidence in the record (*see* Item 8). Plaintiff responded by filing a motion for further remand, this time to consider the new evidence presented in Dr. Halpenny's January 2007 letter (*see* Items 9, 10). The Commissioner filed a reply (Item 11), and plaintiff then filed an amended motion for remand to consider a letter dated March 30, 2008 from Dr. Thomas G. Foreman, a surgical consultant, indicating that plaintiff has recently been diagnosed with cancer (*see* Item 12, Ex. A).

For the reasons that follow, plaintiff's motion for remand is denied, and the Commissioner's motion for judgment on the pleadings is granted.

## DISCUSSION

**I.      Judicial Review Under Section 405(g)**

The Social Security Act states that upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-72 (2d Cir. 1999). Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try a case *de novo* or substitute its findings for

those of the Commissioner. *Richardson*, 402 U.S. at 401. The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Winkelsas v. Apfel*, 2000 WL 575513, at *2 (W.D.N.Y. February 14, 2000).

Section 405(g) also provides, at sentence six, that a court may order a remand to the Commissioner for the purpose of considering additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Relying on this provision, plaintiff seeks a remand to the Commissioner for consideration of the information contained in the letters of Drs. Halpenny and Foreman.

## II. "Sentence Six" Remand

The Second Circuit has adopted a three-part test for determining whether a remand under sentence six of Section 405(g) is warranted: (1) the proffered evidence must be new and not merely cumulative of what is already in the record; (2) the evidence must be material, that is, both relevant to the claimant's condition during the time period for which benefits were denied, and probative; and, (3) the claimant must show good cause for failing to present the evidence earlier. *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988); *see also Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991). To meet the "materiality" requirement, the claimant must establish "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Tirado*, 842 F.2d at 597 (citing *Szubak v. Secretary of Health & Human Servs.*, 745 F.2d

831, 833 (3d Cir. 1984), and *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). "Good cause" for failing to present evidence in a prior proceeding exists where the evidence surfaces after the Commissioner's final decision and the claimant could not have obtained the evidence during the pendency of that proceeding. *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991); *see also Mikol v. Barnhart*, 554 F. Supp. 2d 498, 505 (S.D.N.Y. 2008).

> To show good cause, [the claimant] must adequately explain her failure to incorporate the proffered evidence into the administrative record. [She] must go beyond showing that the proffered evidence did not exist during the pendency of the administrative proceeding. Rather, she must establish good cause for failing to produce and present the evidence at that time.

*Lisa*, 940 F.2d at 45 (internal citation omitted).

Plaintiff's motion seeks a sentence six remand for consideration of the additional evidence of her disability as provided in Dr. Halpenny's letter dated January 22, 2007, and Dr. Foreman's letter dated March 30, 2008. These letters are now considered separately under the Second Circuit's *Tirado* test.

**A.    Dr. Halpenny's Letter**

In his January 2007 letter, Dr. Halpenny provides a narrative description of his "intermittent[ ]" treatment of plaintiff dating from 1996 when he first saw her for complaints of neck and back pain following an injury at work. At that time, plaintiff was treated with physiotherapy, chiropractic visits, and medication. Dr. Halpenny reports that in March 1997, plaintiff had neck, back, and bilateral shoulder pain, but walked well and had good range of motion of the cervical spine and shoulders. An X-ray of the cervical spine taken in March 1999 showed mild degenerative disc disease at C4 through C7, and an MRI scan

showed degenerative changes at C4-5 and C5-6. According to Dr. Halpenny, plaintiff "was unable to work at her regular job." Item 2 at p. 3.

The remainder of Dr. Halpenny's somewhat lengthy narrative discusses his treatment of plaintiff from May 2002 through January 2007, as well as his interpretation of the medical records and diagnostic results of plaintiff's treatment with other medical professionals subsequent to December 31, 2001, her last insured date. The letter concludes with Dr. Halpenny's opinion "that the claimant's impairments have been present even prior to December 31st, 2001. They have prevented her from gainful employment, given her age, education, and experience since December 31st, 2001." *Id.* at p. 4.

This court's review of the administrative record indicates that the evidence available to the ALJ at the time of his June 15, 2006 decision did not include any reports from Dr. Halpenny regarding his treatment of plaintiff predating March 2002 (*see* Tr. 472-74). Thus, to the extent the information in Dr. Halpenny's January 2007 letter sheds any light on his treatment of plaintiff prior to December 31, 2001 (*i.e.*, the time period for which benefits were denied), that information may be considered new, and not necessarily cumulative of the evidence already in the record.

However, Dr. Halpenny's letter provides little, if any, information about plaintiff's condition during the relevant time period to indicate a reasonable possibility that the newly proffered evidence would have influenced the Commissioner to decide plaintiff's application differently. Dr. Halpenny's statement that plaintiff was "unable to work at her regular job" during that period is not inconsistent with the ALJ's finding at step four of the sequential evaluation process that plaintiff was unable to perform her past relevant work as a commercial cleaner. In addition, Dr. Halpenny's report that plaintiff had only mild

degenerative disc disease, walked well, and had good range of motion in the cervical spine and shoulders is not inconsistent with the ALJ's finding that plaintiff had the residual functional capacity for light work with certain limitations.  Significantly, Dr. Halpenny specifically noted in his opinion that plaintiff's impairments prevented her from engaging in substantial gainful employment only after, and not prior to, her last insured date of December 31, 2001.

Moreover, plaintiff has provided no explanation for failing to submit any contemporaneous reports, medical records, or other evidence to support Dr. Halpenny's well-after-the-fact assessment of plaintiff's condition during the relevant time period, and there is nothing in the record to indicate that plaintiff could not have obtained such evidence prior to the Commissioner's final decision.

Accordingly, plaintiff has not shown that the evidence provided in Dr. Halpenny's January 2007 letter is material, and has not shown good cause for failing to incorporate the proffered evidence into the record during the pendency of her prior administrative proceedings.

### B.    Dr. Foreman's Letter

In his March 30, 2008 letter, Dr. Foreman indicates that plaintiff was referred to him for surgical consultation, which resulted in a diagnosis of metastatic squamous cell carcinoma.  This evidence of recent deterioration of plaintiff's medical condition does not relate to the time period for which benefits were denied, and there is no reasonable possibility that this information would have any effect on the Commissioner's prior determination.

Accordingly, plaintiff cannot demonstrate that the evidence contained in Dr. Foreman's March 30, 2008 letter is material to the issues presented for judicial review in this matter.

For these reasons, plaintiff's motion for a sentence six remand must be denied.

### III.     Commissioner's Motion

Finally, the Commissioner moves for judgment on the pleadings on the ground that the ALJ's findings are supported by substantial evidence. Plaintiff has not challenged the denial of her application on substantial evidence grounds, relying instead on the proffer of additional evidence to support her request for remand.

Upon review of the administrative record, and for the reasons set forth in the Commissioner's motion, the court finds that the ALJ's determination that plaintiff was not disabled at any time during the period from August 11, 1998 through December 31, 2001, is supported by substantial evidence in the record, and must be affirmed.

### CONCLUSION

Based on the foregoing analysis, and after a full review of the record, the court concludes that a sentence six remand is not warranted, and that the Commissioner's determination is supported by substantial evidence in the record. Accordingly, plaintiff's motion for a remand is denied, and the Commissioner's motion for judgment on the pleadings is granted.

The Clerk of the Court is directed to enter judgment in favor of the Commissioner.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   September 11  , 2008

p:\pending\2007\07-48.sept8.08